**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4345

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

HAL EDWARD BROADBENT, III,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Henry Coke Morgan, Jr., Senior District Judge.   (2:11-cr-00163-HCM-1)

Submitted:  November 27, 2012       Decided:  November 30, 2012

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt Walter B. Dalton, Assistant Federal Public Defenders, Norfolk, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hal Edward Broadbent, III, appeals the revocation of his probation and sentence of thirteen months' imprisonment. Broadbent argues that his sentence is plainly unreasonable in light of Tapia v. United States, 131 S. Ct. 2382 (2011). We affirm.

Contrary to the Government's assertion on appeal, we conclude that Broadbent properly preserved the Tapia issue for appeal. We will affirm a revocation sentence if it is not plainly unreasonable. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). The first step in this review requires a determination of "whether the sentence is unreasonable." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006).

A probation revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range and the 18 U.S.C. § 3553(a) (2006) factors, all of which apply to probation revocation. Moulden, 478 F.3d at 656 (citing 18 U.S.C. § 3565(a) (2006)). A sentence is substantively reasonable if the district court stated a proper basis for imposing its selected sentence, up to the statutory maximum. Crudup, 461 F.3d at 440. "For a sentence to be plainly unreasonable, . . . it must run afoul of clearly settled

2

law."  United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010).

In Tapia, the Supreme Court held that, in selecting a sentence following conviction, a district court could not impose or lengthen a term of imprisonment in order to promote an offender's rehabilitation.  Tapia, 131 S. Ct. at 2385, 2392-93. Tapia applies to revocation sentences.  United States v. Bennett, 698 F.3d 195, 197-98 (4th Cir. 2012).  A review of the multiple sentencing proceedings in this case reveals that the district court selected its chosen sentence based on Broadbent's continuous refusal to comply with the conditions of his probation.  While the district court did opine that Broadbent would benefit from medical treatment, it also noted that Broadbent's failure to comply with the prescribed treatment program created a danger to himself and others.  It is clear that the district court did not impose a sentence solely to promote rehabilitation and, thus, did not violate the mandate of Tapia.  Our review of the record confirms that Broadbent's sentence is also not otherwise plainly unreasonable.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

AFFIRMED